Argued June 3, decided June 10, rehearing denied July 8, 1913.

# WATSON *v.* HAGEN.

(133 Pac. 66.)

**Ejectment—Damages—Improvements.**

1. Defendant could litigate in ejectment the question of permanent improvements made by him while holding property under color of title adversely to plaintiffs, in good faith, under Section 330, L. O. L., providing that permanent improvements made upon the property by defendant may be set off against damages for withholding, so that a cross-bill in equity for such purpose was unnecessary.

[As to allowance for improvements in actions relating to real property, see note in 81 Am. St. Rep. 164.]

**Taxation—Tax Sale—Compliance With Law.**

2. A tax sale, being a proceeding *in invitum,* must be conducted strictly according to law, and the buyer must take notice of all jurisdictional defects.

**Ejectment—Relief—Possession.**

3. The recovery of possession of realty is of the very essence of the action of ejectment, and possession and the fee should be both awarded against one claiming under void muniments of title.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action in ejectment by John Watson, and William James Masson, Trustees, and William James Masson and Rachel Watson Masson, against A. J. Hagen. It seems that one John Masson, a resident of Scotland, was the owner in fee of the real property in dispute. It is alleged that he died March 22, 1899, and left surviving him, as his only heirs, his widow, Rachel Watson Masson, and their son, William James Masson, and that, under a testamentary disposition made in Scotland, John Watson and William James Masson are trustees vested with legal title to the property for the use and benefit of the son and widow of the deceased. The widow, son, and trustees joined as plaintiffs against the defendant in the usual form of ejectment,

claiming damages for the detention of the property in the sum of $1,000.

The defendant filed a cross-bill in equity by which he claimed to be seised of an estate in fee simple in the property and in possession thereof under certain tax deeds, three in number, upon each of which he bases a separate defense. He also alleges that, while in possession of the property, he caused sundry improvements to be made in the way of filling up the lot to the street grade at a cost of $225, erecting a dwelling-house, $2,400, and fencing the property, $100; and that, under compulsion of the city of Portland within which the property is situated, he had paid $72.60 on account of sewer assessment, $39.00 on account of street improvements, and $75.00 for sidewalks. He also states that his predecessors in interest, under said tax deeds, paid $50, and he himself $45 as taxes on the property. This pleading was traversed by the plaintiffs in the ejectment action, and the allegations of the original complaint were reiterated as matter defensive in equity. There were also sundry defects in the tax proceedings detailed, which, as the plaintiffs contended, made the same void. With the answer to the cross-bill the plaintiffs tendered the amount of taxes paid by the defendant and his predecessors, amounting to $95.

The new matter of the answer to the cross-bill was, in turn, traversed by the reply. After a hearing, the court entered a decree to the effect that William James Masson, the son of the original grantee, is the owner in fee simple of the property, subject to the dower of his mother therein, and further decreed that the defendant have a lien upon the property in the sum of $1,826.43, with interest thereon at the rate of 6 per cent per annum from the date of the decree; that the plaintiffs should pay that amount within 60 days, in default of which the property should be sold

to satisfy the lien; and that until the payment was made the defendant might remain in the possession of the property. From this decree the plaintiffs appeal.                                        MODIFIED.

For appellants there was a brief and an oral argument by *Mr. Jerry E. Bronaugh.*

For respondent there was a brief, with oral arguments by *Mr. F. E. Melvin* and *Mr. Claude Strahan.*

MR. JUSTICE BURNETT delivered the opinion of the court.

It was conceded at the argument that the tax titles, under which the defendant claims, are void. The only contentions urged by the appellants are against the allowances made by the court for taxes, street improvements, municipal assessments, and betterments of the property while the defendant was in possession thereof, and permitting the defendant to remain in possession of the property.

1. It may well be doubted whether the cross-bill was cognizable in equity, for if the tax titles under which defendant claims were sufficient to vest him with the fee-simple title, as he alleged, he could have rested his defenses upon them at law. Furthermore, if he had made permanent improvements upon the property while holding under color of title adversely to the plaintiffs, in good faith, he could also have litigated that in the action of ejectment under Section 330, L. O. L., which provides, in substance, that the plaintiff shall only be entitled to recover damages for withholding the property for the term of six years next preceding the commencement of the action; and that when permanent improvements have been made upon the property by the defendant they may be offset against such damages. The parties, however,

have submitted themselves to the jurisdiction of the court of equity, and the case will be so determined.

2. A tax sale being a measure *in invitum,* it must be conducted strictly according to law. If there is any proceeding in which a purchaser is affected with the principle of *caveat emptor,* it is in a tax sale. He must take notice of all the jurisdictional defects in the proceeding, and as against them he cannot be said to be a purchaser in good faith. In the face of such errors, when one makes voluntary improvements on real property, he does so at his peril. Equity in such case will do no more than follow the law as laid down in Section 330, L. O. L., *supra.* Applied to this case, the improvements made of defendant's own motion will be offset against the damages for withholding the same, which would be the rental value for six years next prior to the commencement of the action; but no further allowance can be made in that behalf. The defendant will be allowed the sum of $95 for taxes which he and his predecessors in interest have paid. The city of Portland has compelled him to pay on account of the Irvington District sewer, $72.60, for the improvements of East Seventh street, $39, and for sidewalk, $75. So far as disclosed by the record, these are public charges for which the realty would be liable in any event and in whomsoever the title vested. The total of these amounts is $281.60.

3. The court was in error in allowing the defendant to remain in possession of the property. The recovery of possession of realty is the very essence of the action of ejectment. As against one claiming under void muniments of title, possession and the fee go together. It was not necessary for the defendant to retain possession of the premises in order to preserve the lien which the court awarded to him. The widow

and son, being tenants in common of the fee, are also entitled to the possession of the property.

The decree of the Circuit Court will be modified so as to give the plaintiffs William James Masson and Rachel Watson Masson the immediate possession of the property, the former as owner in fee subject to the dower of the latter, the whole to be charged with the payment to the defendant of $281.60, with interest thereon at the rate of 6 per cent per annum from the date of this decree, and directing a sale of the premises for the satisfaction thereof, unless the same shall be paid within 60 days from the entry of the mandate in the court below.

MODIFIED: REHEARING DENIED.